IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　Plaintiff,<br>vs.<br><br>EFIGENIO A. CONTRERAS,<br><br>　　　Defendant. | NO.1:12-CV-00476-MAC |

## AMENDED REPORT AND RECOMMENDATION GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AGAINST EFIGENIO CONTRERAS

This case is assigned to the Honorable Marcia A. Crone, United States District Judge, and is referred the undersigned United States Magistrate Judge for pretrial management. Doc. No. 72. Pending before the court is Plaintiff United States of America's ("United States") "Motion for Summary Judgment" against Defendants Efigenio A. Contreras ("Mr. Contreras") and Laura Denise Contreras ("Ms. Contreras"). Doc. No. 79. The United States and Ms. Contreras reached an agreed judgment and Ms. Contreras is no longer a party to this case. Doc. No. 93. Mr. Contreras has not filed a response to the motion for summary judgment. Because the United States has met its summary judgment burden and Mr. Contreras failed to respond and meet his burden, the undersigned recommends granting in part the United States' "Motion for Summary Judgment." Doc. No. 79.

**I. Background**

On October 2, 2012, the United States filed its original complaint against Efigenio A. Contreras ("Mr. Contreras") and Laura Denise Contreras ("Ms. Contreras"). Doc. No. 1.[1] The

---

[1] The parties are sometimes referred to jointly as "the Contrerases."

United States amended its original complaint twice—on December 2, 2013 (Doc. No. 26) and October 1, 2014 (Doc. No. 36). In its final amended complaint, the United States seeks to reduce to judgment defendants' federal income tax liabilities between 2006 and 2012, then totaling $366,422.31. Doc. No. 36. The United States also seeks a judicial foreclosure and sale of defendants' real property within the district. *Id.*

On November 25, 2014, United States District Judge Ron Clark ordered a stay in the case pending the Tax Court's decision. Doc. No. 41. On May 10, 2019, the United States filed a status report informing the court of the Tax Court's decision. Doc. No. 71. The Tax Court entered its decision in favor of Ms. Contreras based on her innocent spouse claim. *Id.* at Ex. 1. However, the Tax Court did not decide Mr. Contreras' federal income tax liabilities or whether the United States could foreclose its tax liens against the defendants' real property. *Id.* Because Ms. Contreras asserts an interest in the contested real property, she remained a defendant in this case. *Id.* Judge Clark referred the case to the undersigned (Doc. No. 72), who then lifted the stay (Doc. No. 73).

On August 5, 2019, the United States filed a "Motion for Summary Judgment" against both Mr. and Ms. Contreras. Doc. No. 79. In its "Motion for Summary Judgment," the United States asks for a personal judgment against Efigenio Contreras for his unpaid federal income taxes from 2006 through 2012 in the amount of $453,491.34. Doc. No. 79, p. 14. The United States provided certificates of assessments and payments for the years 2006 through 2012. Doc. No. 80, Ex. 1-8. The Contrerases filed tax returns or amended tax returns each year between 2006 and 2012. Although the Contrerases reported an income tax liability each year, they failed to pay any taxes to the Internal Revenue Service ("IRS"). Doc. No. 79, p. 6-7. *See also* Doc. No. 80, Ex. 1-8. The Contrerases' tax assessments are shown in the following chart:

| Form | Year | Assessed Tax/Penalty | As of 07/15/2019 | | |
|---|---|---|---|---|---|
| | | | Total Failure to Pay Penalty | Total Interest | Balance Due |
| 1040 | 2006 | 46,584.55 | 9,157.74 | 33,155.59 | 88,897.88 |
| 1040 | 2007 | 52,667.83 | 10,409.50 | 30,804.76 | 93,882.09 |
| ~~1040~~ | ~~2008~~ | ~~30,954.42~~ | ~~8,138.25~~ | ~~17,980.23~~ | ~~57,072.90~~ |
| 1040 | 2009 | 52,486.55 | 9,648.75 | 21,727.12 | 83,862.42 |
| 1040 | 2010 | 31,389.62 | 6,287.00 | 11,987.39 | 49,664.01 |
| 1040 | 2011 | 39,002.86 | 7,828.75 | 12,725.35 | 59,556.96 |
| 1040 | 2012 | 13,537.00 | 3,297.75 | 3,720.33 | 20,555.08 |
| Total | | 266,622.83 | 54,767.74 | 132,100.77 | $453,491.34 |

[2]

On February 24, 2020, the United States and Ms. Contreras informed the court that they reached a settlement and the United States dismissed its case against Ms. Contreras. Doc No. 93. According to the terms of the agreed judgment, Ms. Contreras satisfied all tax liabilities for 2008 and is no longer personally liable to the United States for tax years 2006-2009. *Id.* Pursuant to the Agreed Judgment between the United States and Ms. Contreras, all taxes, penalties, and interest for the year of 2008 has been satisfied by Ms. Contreras. Doc. No. 93. Therefore, the United States asks for a personal judgment against Mr. Contreras for unpaid taxes, penalties, and interest for the years 2006-2007 and 2009-2012, totaling $396,418.44.

Furthermore, the federal tax liens against Mr. Contreras in Liberty County, Texas no longer encumber Lot 12 and 13, Block 1 of Walnut Creek Subdivision pursuant to the terms of the Agreed Judgment. *See* Doc. No. 93, p. 2. The United States' "Motion for Summary Judgment" (Doc. No.

---

[2] This table was originally provided by the United States in its "Motion for Summary Judgment" (Doc. No. 79, p. 8) and, after ensuring its accuracy, is reproduced here by the undersigned. The tax liabilities for 2008 have been struck as this debt has been satisfied by Ms. Contreras. *See* Doc. No. 93.

79) against Mr. Contreras is still pending. Mr. Contreras has not filed a response to the motion for summary judgment and the time for doing so has passed.[3]

## II. Summary Judgment Standard

Summary judgment shall be rendered when the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *United States ex rel. Jamison v. McKesson Corp.*, 649 F.3d 322, 326 (5th Cir. 2011). A dispute is genuine if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material when it is relevant or necessary to the ultimate outcome of the case. *Id.*

The movant has the burden to identify "each claim or defense—or the part of each claim or defense—on which summary judgment is sought." FED. R. CIV. P. 56(a). "If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim." *Norwegian Bulk Transp. A/S v. Int'l Marine Terminals P'Ship*, 520 F.3d 409, 412 (5th Cir. 2008) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The movant must support its assertion by "citing to particular parts or materials in the record, . . . showing that the materials cited do not establish the . . . presence of a genuine dispute, or [showing] that the adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). Summary judgment must be denied when the movant

---

[3] Although Ms. Contreras was previously a party to this case, she did not respond on behalf of Mr. Contreras and voiced no objections regarding his liability.

fails to meet its initial burden, regardless of the nonmovant's response. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

If the movant satisfies its burden, the burden then shifts to the nonmoving party to show that specific facts exist over which there is a genuine dispute. *Id.* (citing *Celotex*, 477 U.S. at 325). Like the movant, the nonmovant must satisfy its burden through specific citations to the summary judgment evidence. *See* FED. R. CIV. P. 56(c)(1); *Smith v. United States*, 391 F.3d 621, 625 (5th Cir. 2004). "If somewhere in the record there is evidence that might show a dispute of material fact, the district court needs to be pointed to that evidence as opposed to having to engage in an extensive search." *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012). "Conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden …" *Ramsey v. Henderson*, 286 F.3d 264, 269 (5th Cir. 2002) (quoting *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996)) (internal quotations omitted).

In considering the summary judgment evidence, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150 (2000). Summary judgment is proper only if the record, viewed in the light most favorable to the nonmovant, could not lead a rational trier of fact to find for the nonmovant. *Kunin v. Feofanov*, 69 F.3d 59, 61 (5th Cir. 1995). Conversely, if the fact finder could reasonably find in favor of the nonmovant, summary judgment is improper. *Id.* "Finally, even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that 'a better course would be to proceed to a full trial.'" *Id.* at 62 (quoting *Anderson*, 477 U.S. at 255-56).

Pursuant to the Local Rules, if a party opposes a motion, the party is required to file a response, brief, and supporting documents within fourteen days after service of the motion. LOC. R. 7(d)-(e). If the nonmoving party fails to oppose a motion in the manner set forth in the local rules, the court may and should assume that the party has no opposition. *Guilbeaux v. 3927 Foundation, Inc.*, 177 F.R.D. 387, 389 (E.D. Tex. 1998) (Schell, C.J.). However, the court may not grant summary judgment for the sole reason that the party against whom it is directed fails to file an appropriate opposition. *John v. State of Louisiana (Bd. of Tr. for State Coll. and Univ.)*, 757 F.2d 698, 708 (5th Cir. 1985); *see also Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001). Rather, the court may grant summary judgment only if the motion itself demonstrates both the absence of genuine disputes of material fact and that the movant is entitled to judgment as a matter of law. *Id.*; FED. R. CIV. P. 56(a).

## III. Analysis

As the movant, the United States bears the summary judgment burden and must demonstrate that there is no genuine dispute of material fact and that it is entitled to a personal judgment against Mr. Contreras as a matter of law. FED. R. CIV. P. 56(a). *See also United States ex rel. Jamison v. McKesson Corp.,* 649 F.3d 322, 326 (5th Cir. 2011). As discussed, the United States established Mr. Contreras' income tax liability from 2006-2007 and 2009-2012 through the certificates of assessments and payments. Doc. No. 80, Ex. 1-8. Mr. Contreras violated 26 U.S.C. § 1 by failing to pay his federal income taxes during those years. 26 U.S.C. § 1. Title 26 U.S.C. § 6321 provides the remedy for unpaid federal taxes and states that:

> If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

Because Mr. Contreras failed to pay his federal taxes after demand, he is liable for the unpaid federal taxes. Therefore, a lien attaches to all of his property and rights to property, with the exception of any interest in Lot 12 and 13, Block 1 of Walnut Creek Subdivision. 26 U.S.C. § 6321. *See* Doc. No. 93, p. 2. The United States properly filed notices of the federal tax liens against Mr. Contreras in Liberty County, Texas, on June 6, 2011, September 30, 2013, October 28, 2013, November 5, 2013, and April 22, 2019. Doc. No. 80, Ex. 9. Therefore, the United States has met its burden for a personal judgment against Mr. Contreras by establishing his unpaid federal income taxes for 2006-2007 and 2009-2012.

Because the United States has met its summary judgment burden, the burden now shifts to Mr. Contreras, as the nonmoving party, to show a specific factual dispute. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). However, Mr. Contreras failed to respond to the United States' motion for summary judgment and the time for doing so has passed. As discussed, the United States' motion for summary judgment should be granted because it has met its burden. Without a response from Mr. Contreras, he fails to show a specific factual dispute. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Because the United States has met its summary judgment burden and Mr. Contreras has failed to meet his, the United States' motion for summary judgment (Doc. No. 79) should be granted in part against Mr. Contreras, and a personal judgment should be entered against Mr. Contreras.

## IV. Recommendation

Because the United States has met its summary judgment burden and Mr. Contreras has failed to establish a genuine dispute of fact, the undersigned recommends that the court grant in part the United States' "Motion for Summary Judgment" (Doc. No. 79) against Mr. Contreras.

## V. Recommendations

Pursuant to 28 U.S.C. § 636(b)(1)(c) (Supp. IV 2011), each party to this action has the right to file objections to this report and recommendation. Objections to this report must (1) be in writing and (2) specifically identify those findings or recommendations to which the party objects. *See* 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b)(2). Furthermore, **any objections must be served and filed within seven (7) days after being served with a copy of this report**. A party who objects to this report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. *See* 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within seven (7) days of being served with a copy of this report, bars that party from: (1) entitlement to *de novo* review by the United States District Judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge, *see Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SIGNED this 25th day of March, 2020.

_____
Zack Hawthorn
United States Magistrate Judge